UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**TREVON M. JOHNSON**                                                                                                  **PLAINTIFF**

**v.**                                                                            **CIVIL ACTION NO. 5:06CV-P14-R**

**JOHN REES[1]** *et al.*                                                                                **DEFENDANTS**

<u>**MEMORANDUM OPINION**</u>

The plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, contesting his removal from the Ramadan fast list in the fall of 2005. This matter is before the Court on initial screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, a portion of the complaint will be dismissed and a portion will proceed beyond initial screening.

**I.**

The plaintiff, a Muslim, is incarcerated at the Kentucky State Penitentiary ("KSP"). He alleges that he was removed from the list of inmates who were allowed to participate in observance of the Muslim holy month of Ramadan. He brings this action against four defendants. Defendant John Rees is the Commissioner of the Kentucky Department of Corrections, Defendant Thomas L. Simpson is the KSP Warden, Defendant Nancy Doom is the KSP Deputy Warden of Programs, and Defendant Shelia Burnham is the KSP Chaplain. The plaintiff sues Defendants Rees, Simpson and Doom in their individual and official capacities, and although he fails to specify in which capacity he sues Defendant Burnham, absent indication to the contrary, the Court must presume that Defendant Burnham is being sued in her official capacity.[2]

---

[1] Although the plaintiff refers to the Commissioner of Corrections as "John Reese," the Court takes note that the correct spelling of the Commissioner's name is "John Rees." *See* www.corrections.ky.gov.

[2] "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether defendants have been notified of the potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). The complaint is

To the complaint, the plaintiff attaches a September 29, 2005, KSP memorandum from Defendant Chaplain Burnham. The memorandum advised that the 2005 Islamic Fast of Ramadan ran from October 5th through November 3rd and that KSP participants in the fast would be permitted to go to the kitchen for their meals before sunrise and after sunset. The plaintiff highlighted the following section of the memorandum: "If an inmate claims to be ill and must be escorted back to his cellhouse instead of remaining in the Chapel that inmate is expected to go to Sick Call that same day." No penalty is described in the memorandum for an inmate's failure to go to sick call. Defendants Warden Simpson and Deputy Warden Doom approved the memorandum.

In an attached October 18, 2005, memorandum, Program Director Patti Treat advised that the plaintiff was removed from the Ramadan observance because he failed to attend the pre-dawn meal on October 17, 2005, and failed to go to sick call that day, although he had told an officer that he was going to go to sick call. Consequently, the plaintiff was prohibited from the pre-dawn Islamic meals, prayers in the chapel, and the post-sunset Islamic meals.

The plaintiff claims that he was too sick to leave his cell for a pre-dawn meal and never went to the Chapel. Because he did not have to be escorted from the Chapel to his cellhouse, claims the plaintiff, he was not, per the September 29, 2005, memorandum, required to go to sick call. Chaplain Burnham, nevertheless, removed him from the Ramadan list.

The plaintiff alleges that Warden Simpson and Deputy Warden Doom did not adhere to Corrections Policy and Procedure 23.1(V)-(A)-(2), which, according to the plaintiff, provides,

---

devoid of any indication that Defendant Burnham has been sued in her individual capacity, requiring the Court to presume that she is being sued in her official capacity. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

"Religious Practices ('<u>shall</u>') be limited only by documentation showing a threat to the saf[e]ty of persons involved in an activity or that the activity itself disrupts order in the institution." With regard to Commissioner Rees, the plaintiff alleges that he failed to act and allowed his staff to violate the plaintiff's rights under federal and state law. The plaintiff states that there was no evidence that he was a threat to anyone involved in Ramadan such that his practice of the fast should be limited.

The plaintiff ultimately claims that his removal from the Ramadan list violated his free exercise right under the First Amendment, his due process right under the Fourteenth Amendment, his "Kentucky Constitutional Rights," and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"). As relief, he seeks monetary and punitive damages and an injunction ordering no retaliation for the filing of this lawsuit and ordering the removal of Chaplain Burnham.

## II.

Because the plaintiff is a prisoner suing governmental officers, the Court must review the instant action. 28 U.S.C. § 1915A ("The court shall review, . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b).

A claim is frivolous when it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court, therefore, may dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.

**A. Official capacity claims for damages under § 1983**

The Court will dismiss the official capacity claims for damages on two bases. First, none of the defendants in their official capacities for damages are "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same). Second, the defendants, as state officials sued in their official capacities for damages, are also absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *See Will*, 491 U.S. at 71; *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Consequently, the § 1983 official capacity claims for damages against the defendants must be dismissed.

### B. Retaliation claim under § 1983

When seeking declaratory or injunctive relief, "a pre-enforcement challenge may be made before the actual completion of an injury in fact." *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir. 2001). The plaintiff, however, "must show actual present harm or a significant possibility of future harm in order to demonstrate the need for pre-enforcement review." *Nat'l Rifle Assoc. of Am. v. Magaw*, 132 F.3d 272, 279 (6th Cir.1997).

Here, the plaintiff's only reference to retaliation is in the "Relief" section of the complaint. In that section, the plaintiff asks the Court to issue an injunction ordering no retaliation as a result of the instant lawsuit. Nowhere else in the complaint is there an allusion to any retaliation currently taking place or likely to occur in the future. Any claim of retaliation is sheer speculation and must be dismissed for failure to state a claim upon which relief may be granted.

### C. State-law claims

The plaintiff simply claims that the defendants violated his "Kentucky Constitutional Right's." Aside from this broad conclusion, he identifies no specific section of the state constitution which he claims was violated. Due to the total lack of specificity, the state-law claims will be dismissed without prejudice. The plaintiff may seek leave to amend the complaint to offer a greater description of how specific sections of the Kentucky Constitution are applicable to his case, but as the complaint is currently crafted, his state-law claims cannot stand.

### D. Remaining claims

The Court will allow the § 1983 First Amendment free exercise and Fourteenth Amendment due process claims and the RLUIPA claim to proceed against all defendants. In permitting those claims to proceed, the Court passes no judgment on the merit and ultimate outcome of those claims.

5

The Court will enter a separate Scheduling Order governing the development of the remaining claims and will enter a separate Order dismissing all other claims.

Date:

cc: Plaintiff, *pro se*
 Defendants
 General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005