UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:06CV-14-R

TREVON M. JOHNSON                                                                                            PLAINTIFF

v.

JOHN REES, et al.                                                                                           DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Defendants' Motion for Summary Judgment (Docket #20). Although Plaintiff did not file a response to this motion, the deadlines for such filings have passed. This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion for Summary Judgment is GRANTED IN PART.

**BACKGROUND**

Plaintiff, a Muslim, was incarcerated at the Kentucky State Penitentiary ("KSP"). He alleges that he was removed from the list of inmates who were allowed to participate in observance of the Muslim holy month of Ramadan. He brought this action against four defendants. Defendant John Rees is the Commissioner of the Kentucky Department of Corrections, Defendant Thomas L. Simpson is the KSP Warden, Defendant Nancy Doom is the KSP Deputy Warden of Programs, and Defendant Sheila Burnham is the KSP Chaplain. Plaintiff sues Defendants Rees, Simpson, and Doom in their individual and official capacities, and although he fails to specify in which capacity he sues Defendant Burnham, absent indication to the contrary, the Court must presume that Defendant Burnham is being sued in her official capacity.[1]

---

[1] "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether defendants have been notified of the

To his complaint, Plaintiff attached a September 29, 2005, KSP memorandum from Defendant Burnham. The memorandum advised that the 2005 Islamic Fast of Ramadan ran from October 5 through November 3 and that KSP participants in the fast would be permitted to go to the kitchen for their meals before sunrise and after sunset. Plaintiff highlighted the following section of the memorandum: "If an inmate claims to be ill and must be escorted back to his cellhouse instead of remaining in the Chapel that inmate is expected to go to Sick Call that same day." No penalty is described in the memorandum for an inmate's failure to go to sick call. Defendants Simpson and Doom approved the memorandum.

In an attached October 18, 2005, memorandum, Program Director Patti Treat advised that Plaintiff was removed from the Ramadan observance because he failed to attend the pre-dawn meal on October 17, 2005, and failed to go to sick call that day, although he had told an officer that he was going to sick call. Consequently, Plaintiff was prohibited from the pre-dawn Islamic meals, prayers in the chapel, and the post-sunset Islamic meals.

Plaintiff claims that he was too sick to leave his cell for a pre-dawn meal and never went to the Chapel. Because he did not have to be escorted from the Chapel to his cellhouse, claims Plaintiff, he was not, per the September 29, 2005, memorandum, required to go to sick call. Defendant Burnham, nevertheless, removed him from the Ramadan list.

Plaintiff alleges that Defendants Simpson and Doom did not adhere to Corrections Policy and Procedure 23.1(V)-(A)-(2), which, according to Plaintiff, provides, "Religious Practices ('shall')

---

potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). The complaint is devoid of any indication that Defendant Burnham has been sued in her individual capacity, requiring the Court to presume that she is being sued in her official capacity. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

be limited only by documentation showing a threat to the saf[e]ty of persons involved in an activity or that the activity itself disrupts order in the institution." With regard to Defendant Rees, Plaintiff alleges that he failed to act and allowed his staff to violate Plaintiff's rights under federal and state law. Plaintiff states that there was no evidence that he was a threat to anyone involved in Ramadan such that his practice of the fast should be limited.

Plaintiff ultimately claims that his removal from the Ramadan list violated his free exercise right under the First Amendment, his due process right under the Fourteenth Amendment, his "Kentucky Constitutional Rights,' and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"). As relief he seeks monetary and punitive damages and an injunction ordering no retaliation for the filing of this lawsuit and ordering the removal of Defendant Burnham.

On October 24, 2006, this Court issued an order dismissing the official capacity claims for damages under 42 U.S.C. § 1983, the retaliation claim under 42 U.S.C. § 1983, and the state law claims.[2] The Court allowed the Plaintiff's § 1983 First Amendment free exercise and Fourteenth Amendment due process claims and the RLUIPA claim to proceed against all Defendants.

On May 4, 2007, the Defendants filed the present Motion for Summary Judgment.

## STANDARD

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate,

---

[2] The state law claims were dismissed without prejudice.

a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

Defendants argue that Plaintiff's Complaint must be dismissed as moot as he is no longer an inmate of the KSP.

In *Kensu v. Haigh*, an inmate filed a complaint against prison officials for civil rights violations under 42 U.S.C. § 1983 for, among other things, examining his "legal mail" outside of his presence. 87 F.3d 172, 173-74 (6th Cir. 1996). Although the court found that the prison officials should not have examined the contents of the mail outside of plaintiff's presence, the court stated that to the extent plaintiff sought declaratory and injunctive relief, his claims were now moot as he was no longer confined to the institution that searched his mail. *Id.* at 175. *See also McAlpine v.*

4

*Thompson*, 187 F.3d 1213, 1215 (10th Cir. 1999) (holding that the claim of a prison inmate seeking prospective mandamus relief solely related to conditions of confinement becomes mooted by that inmate's subsequent release on parole or supervised release).

As Plaintiff is no longer confined at the KSP, his claims for injunctive relief are now moot. However, Plaintiff's release from the KSP does not affect his claims for monetary and punitive damages under the § 1983 First Amendment free exercise and Fourteenth Amendment due process claims and the RLUIPA claim.

Defendants also claim that Plaintiff's Complaint should be dismissed as Plaintiff has failed to file anything in support of his claims. However, Defendants have failed to produce evidence contradicting the claims in Plaintiff's Complaint on which this Court allowed Plaintiff to proceed in its Order of October 24, 2006.

Following the Court's Order of October 24, 2006, the only claims remaining against Defendant Burnham were for injunctive relief. Therefore, this Court will dismiss Defendant Burnham from this case. All claims for injunctive relief against Defendants Rees, Simpson, and Doom are also dismissed.

## CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment is GRANTED IN PART.

An appropriate order shall issue.