UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:06CV-14-R

TREVON M. JOHNSON                                                                                          PLAINTIFF

v.

JOHN REES, et al.                                                                                                DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on Defendants' Motion to Alter or Amend the Court's Memorandum Opinion and Order dated June 28, 2007 (Docket #25). Although Plaintiff did not file a response to this motion, the deadlines for such filings have passed. This matter is now ripe for adjudication. For the reasons that follow, Defendants' Motion to Alter or Amend is DENIED.

**BACKGROUND**

Plaintiff, a Muslim, was incarcerated at the Kentucky State Penitentiary ("KSP"). He alleges that he was removed from the list of inmates who were allowed to participate in observance of the Muslim holy month of Ramadan. He brought this action against four defendants. Defendant John Rees is the Commissioner of the Kentucky Department of Corrections, Defendant Thomas L. Simpson is the KSP Warden, Defendant Nancy Doom is the KSP Deputy Warden of Programs, and Defendant Sheila Burnham is the KSP Chaplain. Plaintiff sues Defendants Rees, Simpson, and Doom in their individual and official capacities, and although he fails to specify in which capacity he sues Defendant Burnham, absent indication to the contrary, the Court must presume that Defendant Burnham is being sued in her official capacity.[1]

---

[1] "When a § 1983 plaintiff fails to affirmatively plead capacity in the complaint, we then look to the course of proceedings" to ascertain whether defendants have been notified of the

To his complaint, Plaintiff attached a September 29, 2005, KSP memorandum from Defendant Burnham. The memorandum advised that the 2005 Islamic Fast of Ramadan ran from October 5 through November 3 and that KSP participants in the fast would be permitted to go to the kitchen for their meals before sunrise and after sunset. Plaintiff highlighted the following section of the memorandum: "If an inmate claims to be ill and must be escorted back to his cellhouse instead of remaining in the Chapel that inmate is expected to go to Sick Call that same day." No penalty is described in the memorandum for an inmate's failure to go to sick call. Defendants Simpson and Doom approved the memorandum.

In an attached October 18, 2005, memorandum, Program Director Patti Treat advised that Plaintiff was removed from the Ramadan observance because he failed to attend the pre-dawn meal on October 17, 2005, and failed to go to sick call that day, although he had told an officer that he was going to sick call. Consequently, Plaintiff was prohibited from the pre-dawn Islamic meals, prayers in the chapel, and the post-sunset Islamic meals.

Plaintiff claims that he was too sick to leave his cell for a pre-dawn meal and never went to the Chapel. Because he did not have to be escorted from the Chapel to his cellhouse, claims Plaintiff, he was not, per the September 29, 2005, memorandum, required to go to sick call. Defendant Burnham, nevertheless, removed him from the Ramadan list.

Plaintiff alleges that Defendants Simpson and Doom did not adhere to Corrections Policy and Procedure 23.1(V)-(A)-(2), which, according to Plaintiff, provides, "Religious Practices ('<u>shall</u>')

---

potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001) (en banc). The complaint is devoid of any indication that Defendant Burnham has been sued in her individual capacity, requiring the Court to presume that she is being sued in her official capacity. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991).

2

be limited only by documentation showing a threat to the saf[e]ty of persons involved in an activity or that the activity itself disrupts order in the institution." With regard to Defendant Rees, Plaintiff alleges that he failed to act and allowed his staff to violate Plaintiff's rights under federal and state law. Plaintiff states that there was no evidence that he was a threat to anyone involved in Ramadan such that his practice of the fast should be limited.

Plaintiff ultimately claims that his removal from the Ramadan list violated his free exercise right under the First Amendment, his due process right under the Fourteenth Amendment, his "Kentucky Constitutional Rights,' and the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. § 2000cc *et seq.* ("RLUIPA"). As relief he seeks monetary and punitive damages and an injunction ordering no retaliation for the filing of this lawsuit and ordering the removal of Defendant Burnham.

On October 24, 2006, this Court issued an order dismissing the official capacity claims for damages under 42 U.S.C. § 1983, the retaliation claim under 42 U.S.C. § 1983, and the state law claims.[2] The Court allowed the Plaintiff's § 1983 First Amendment free exercise and Fourteenth Amendment due process claims and the RLUIPA claim to proceed against all Defendants.

On May 4, 2007, the Defendants filed a Motion for Summary Judgment. This Court granted the Motion in Part dismissing Defendant Burnham from the case and dismissing the claims for injunctive relief against Defendants Rees, Simpson, and Doom. The Court found that because Plaintiff was no longer confined at the KSP, his claims for injunctive relief were moot.

## STANDARD

The court may grant a motion to alter or amend, pursuant to Federal Rule of Civil Procedure

---

[2] The state law claims were dismissed without prejudice.

3

59(e), "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice." *GenCorp v. Am. Int'l*, 178 F.3d 804, 834 (6th Cir.1999) (internal citations omitted). "[C]ourts typically will consider additional evidence accompanying a Rule 59(e) motion only when it has been newly discovered, and that to [c]onstitute 'newly discovered evidence,' the evidence must have been previously unavailable." *Id.* A FRCP 59(e) motion to alter does not provide the Plaintiff another opportunity to argue the merits of their case. *Id.*

## DISCUSSION

### I.     EVIDENCE SUPPORTING SUMMARY JUDGMENT

Summary judgment is available under Fed. R. Civ. P. 56(c) if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "the

mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

In the June 29, 2007 Order, the Court denied Defendants' Motion for Summary Judgment in part stating that "Defendants have failed to produce evidence contradicting the claims in Plaintiff's Complaint on which this Court allowed Plaintiff to proceed in its Order of October 24, 2006." Defendants claim that their Motion for Summary Judgment did indeed contain uncontradicted evidence mandating summary dismissal of Plaintiff's Complaint. Defendants point to the affidavit of Charles Williams, Kentucky Department of Corrections Director of Operations/Programs, which indicated that Plaintiff was placed back on the Ramadan list pursuant to his grievance. Defendants state that in light of Plaintiff's failure to submit anything contradicting Williams' Affidavit and attachments, the record of evidence refutes the allegations in the Complaint and clearly indicates that Plaintiff's concerns were satisfactorily addressed by the Commissioner of the Department of Corrections.

Williams' affidavit states:

> Department of Corrections records indicate that pursuant to a group grievance filed by Rafi Ali, Trevon M. Johnson was permitted to be placed back on the Ramadan list pursuant to the decision of the Department of Corrections Commissioner John Rees, dated December 19, 2005. A copy of the Commissioner's review memo is attached hereto as Exhibit 3.

Defendants claim that Plaintiff's reinstatement to the Ramadan list requires this Court to find that Plaintiff's First Amendment and RLUIPA claims fail as these claims require that Plaintiff demonstrate that his right to freely exercise his religious beliefs has been substantially burdened.

*See* 42 U.S.C. § 2000cc(a)(1) (Plaintiff alleging RLUIPA violation must show government implementation of a land use regulation in a manner that imposes a substantial burden on his religious exercise). Exhibit 3 to the affidavit is a Commissioner's Review and Decision letter to Rafi Ali, addressed to Ali, concerning the group grievance filed by him. The letter states:

> I have reviewed your grievance concerning the group of inmates that were removed from the Ramadan list. The committee findings clearly stated that you would be placed back on the Ramadan list due to you reporting to Medical and that the other inmates would remain off the list because they did not report. You marked that you were satisfied with that recommendation. I concur with the committee findings and Warden Simpson's review. No further actions are necessary.

Exhibit 3 clearly contradicts Williams' affidavit. The Review and Decision letter addressed to Ali states that Ali will be placed back on the Ramadan list, but that all other inmates, including Plaintiff, would remain off the list. Thus, the Court cannot find that there is no genuine issue of material fact as Defendants' own filings show such an issue.[3]

## II.     QUALIFIED IMMUNITY

Defendants contend that even if Plaintiff's Complaint is not dismissed on the merits, the Defendants are entitled to qualified immunity as Plaintiff has failed to demonstrate or allege what clearly established right has been violated.

"Government officials performing discretionary functions are entitled to qualified immunity from civil suits for damages arising out of the performance of their official duties 'as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Watkins v. City of Southfield*, 221 F.3d 883, 887 (6th Cir. 2000) (quoting *Anderson v.*

---

[3] The Court notes that neither party has addressed whether the failure to reinstate Plaintiff to the Ramadan list would be a substantial burden on his religious exercise. Defendants only argue that because Plaintiff was reinstated there was no substantial burden.

*Creighton*, 483 U.S. 635, 638 (1987)).  A court evaluating a claim of qualified immunity must first determine whether the plaintiff has alleged the deprivation of a constitutional right, and, if so, whether it was a clearly established right that a reasonable official under the circumstances should know.  *Wilson v. Layne*, 526 U.S. 603, 609 (1999); *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  The defendant bears the initial burden of coming forward with facts to suggest that he was acting within the scope of his discretionary authority during the incident in question.  *Rich v. Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir. 1992).  The burden then shifts to the plaintiff to establish that the defendant's conduct violated a right so clearly established that any official in defendant's position would have clearly understood that they were under an affirmative duty to refrain from such conduct.  *Id.*

Here Defendants have not provided evidence that they were acting within their discretionary authority during the incident in question.  Additionally, Defendants' arguments rely on the mistaken assumption that Plaintiff was reinstated to the Ramadan list.  Defendants have failed to demonstrate that they are entitled to qualified immunity.

## CONCLUSION

For the foregoing reasons, Defendants Motion to Alter or Amend the Court's Memorandum Opinion and Order dated June 29, 2007, is DENIED.

An appropriate order shall issue.